

RECEIVED
SEP 3 0 2009
BAILEY & WYANT



**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

| | |
|---|---|
| *United States Courthouse* | *Mailing Address* |
| *300 Virginia Street East* | *Post Office Box 1713* |
| *Charleston, WV 25301* | *Charleston, WV 25326* |
| FAX: (304) 347-5104 | (304) 345-2200 |
| | 1-800-659-8726 |

FILED

DEC - 8 2009

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

September 14, 2009


Robert P. Martin, Esquire
Bailey & Wyant PLLC
P.O. Box 3710
Charleston, WV 25337

                    Re:  United States v. Albert Hendershot

Dear Mr. Martin:

     This will confirm our conversations with regard to your
client, Albert Hendershot (hereinafter "Mr. Hendershot").  As a
result of these conversations, it is agreed by and between the
United States and Mr. Hendershot as follows:

     1.   **CHARGING AGREEMENT.**  Mr. Hendershot agrees to waive his
right pursuant to Rule 7 of the Federal Rules of Criminal Procedure
to be charged by indictment and will consent to the filing of a
one-count information to be filed in the United States District
Court for the Southern District of West Virginia, a copy of which
is attached hereto as "Plea Agreement Exhibit A."

     2.   **RESOLUTION OF CHARGES.**  Mr. Hendershot will plead guilty
to a violation of 18 U.S.C. §§ 665(a) and 2 (Theft of Employment
and Training Funds) as charged in said information.

                                              *A.H.*
                                              ―――――――
                                              Defendant's
                                              initials

Robert P. Martin, Esq.
September 14, 2009
Page 2                                    Re:  Albert Hendershot

     3.   **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Hendershot will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of two years;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)  A term of supervised release of 1 year;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

     4.   **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Hendershot will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Hendershot will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Hendershot fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Hendershot.

     5.   **RESTITUTION.**  Notwithstanding the offense of conviction, Mr. Hendershot agrees to pay such restitution as determined by the Court, with interest as allowed by law, to the fullest extent

_AH_
Defendant's
initials

Robert P. Martin, Esq.
September 14, 2009
Page 3                              Re:  Albert Hendershot

financially feasible.   In aid of restitution, Mr. Hendershot
further agrees as follows:

    (a)  Mr. Hendershot agrees to fully assist the United States
in identifying and locating any assets to be applied
toward restitution and to give signed, sworn statements
and testimony concerning assets upon request of the
United States.

    (b)  Mr. Hendershot fully complete and execute, under oath, a
Financial Statement and a Release of Financial
Information on forms supplied by the United States and
will return these completed forms to counsel for the
United States within seven calendar days from the date of
the signing of this plea agreement.

    (c)  Mr. Hendershot agrees not to dispose of, transfer or
otherwise encumber any real or personal property which he
currently owns or in which he holds an interest.

    (d)  Mr. Hendershot agrees to fully cooperate with the United
States in the liquidation of assets to be applied towards
restitution, to execute any and all documents necessary
to transfer title of any assets available to satisfy
restitution, to release any and all right, title and
interest he may have in and to such property, and waives
her right to exemptions under the Federal Debt Collection
Procedures Act upon levy against and the sale of any such
property.

    (e)  Mr. Hendershot agrees he will not appeal any order of the
District Court imposing restitution.

    6.   **PAYMENT OF MONETARY PENALTIES.**  Mr. Hendershot agrees not
to object to the District Court ordering all monetary penalties
(including the special assessment, fine, court costs, and any
restitution that does not exceed the amount set forth in this plea
agreement) to be due and payable in full immediately and subject to

Defendant's
initials

Robert P. Martin, Esq.
September 14, 2009
Page 4                                    Re:  Albert Hendershot

immediate enforcement by the United States.  So long as the
monetary penalties are ordered to be due and payable in full
immediately, Mr. Hendershot further agrees not to object to the
District Court imposing any schedule of payments as merely a
minimum schedule of payments and not the only method, nor a
limitation on the methods, available to the United States to
enforce the judgment.

    7.   **COOPERATION.**   Mr. Hendershot will be forthright and
truthful with this office and other law enforcement agencies with
regard to all inquiries made pursuant to this agreement, and will
give signed, sworn statements and grand jury and trial testimony
upon request of the United States.   In complying with this
provision, Mr. Hendershot may have counsel present except when
appearing before a grand jury.

    8.   **USE IMMUNITY.**   Unless this agreement becomes void due to
a violation of any of its terms by Mr. Hendershot, and except as
expressly provided for in paragraph ten, nothing contained in any
statement or testimony provided by Mr. Hendershot pursuant to this
agreement, or any evidence developed therefrom, will be used
against Mr. Hendershot, directly or indirectly, in any further
criminal prosecutions or in determining the applicable guideline
range under the Federal Sentencing Guidelines.

    9.   **LIMITATIONS ON IMMUNITY.**   Nothing contained in this
agreement restricts the use of information obtained by the United
States from an independent, legitimate source, separate and apart
from any information and testimony provided pursuant to this
agreement, in determining the applicable guideline range or in
prosecuting Mr. Hendershot for any violations of federal or state
laws.   The United States reserves the right to prosecute Mr.
Hendershot for perjury or false statement if such a situation
should occur pursuant to this agreement.

    10.  **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**
The United States and Mr. Hendershot stipulate and agree that the
facts comprising the offenses of conviction include the facts

*A. H.*
Defendant's
initials

Robert P. Martin, Esq.
September 14, 2009
Page 5                                Re:  Albert Hendershot

outlined in the "Stipulation of Facts," a copy of which is attached
hereto as "Plea Agreement Exhibit B."

Mr. Hendershot agrees that if he withdraws from this
agreement, or this agreement is voided as a result of a breach of
its terms by Mr. Hendershot, and he is subsequently tried on any of
the charges in the information, the United States may use and
introduce the "Stipulation of Facts" in the United States case-in-
chief, in cross-examination of Mr. Hendershot or of any of his
witnesses, or in rebuttal of any testimony introduced by Mr.
Hendershot or on his behalf.  Mr. Hendershot knowingly and
voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196
(1995), any right he has pursuant to Fed. R. Evid. 410 that would
prohibit such use of the Stipulation of Facts.  If the Court does
not accept the plea agreement through no fault of the defendant, or
the Court declares the agreement void due to a breach of its terms
by the United States, the Stipulation of Facts cannot be used by
the United States.

The United States and Mr. Hendershot understand and
acknowledge that the Court is not bound by the Stipulation of Facts
and that if some or all of the Stipulation of Facts is not accepted
by the Court, the parties will not have the right to withdraw from
the plea agreement.

11.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Hendershot is
aware that 18 U.S.C. § 3742 affords him the right to appeal the
sentence imposed by the District Court.  Nonetheless, Mr.
Hendershot knowingly and voluntarily waives her right to seek
appellate review of any sentence of imprisonment or fine imposed by
the District Court, or the manner in which the sentence was
determined, on any ground whatsoever including any ground set forth
in 18 U.S.C. § 3742, so long as that sentence of imprisonment or
fine is at or below the maximum prescribed by statute, as set forth
in paragraph three above.  The United States retains the right to
appeal any sentence of imprisonment, fine or restitution on any
ground whatsoever if the sentence is below the guideline range
determined by the Court prior to any departure or variance.

*A.H.*
_____
Defendant's
initials

Robert P. Martin, Esq.
September 14, 2009
Page 6                              Re:  Albert Hendershot


     Mr. Hendershot also knowingly and voluntarily waives the
right to challenge his guilty plea and his conviction resulting
from this plea agreement, and any sentence imposed for the
conviction, in any collateral attack, including but not limited to
a motion brought under 28 U.S.C. § 2255.

     The waivers noted above shall not apply to a post-conviction
collateral attack or direct appeal based on a claim of ineffective
assistance of counsel.

     12.  **WAIVER OF FOIA AND PRIVACY RIGHT.**   Mr. Henderson
knowingly and voluntarily waives all rights, whether asserted
directly or by a representative, to request or receive from any
department or agency of the United States any records pertaining to
the investigation or prosecution of this case, including without
any limitation any records that may be sought under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974,
5 U.S.C. § 552a, following final disposition.

     13.  **FINAL DISPOSITION.** The matter of sentencing is within the
sole discretion of the Court. The United States has made no
representations or promises as to a specific sentence.  The United
States reserves the right to:

     (a)  Inform the Probation Office and the Court of all relevant
          facts and conduct;

     (b)  Present evidence and argument relevant to the factors
          enumerated in 18 U.S.C. § 3553(a);

     (c)  Respond to questions raised by the Court;

     (d)  Correct inaccuracies or inadequacies in the presentence
          report;

     (e)  Respond to statements made to the Court by or on behalf
          of Mr. Hendershot;


                                        _A.A._____
                                        Defendant's
                                        initials

Robert P. Martin, Esq.
September 14, 2009
Page 7                              Re:  Albert Hendershot


    (f)   Advise the Court concerning the nature and extent of Mr.
        Hendershot's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Hendershot's
        acceptance of responsibility.

    14.  **VOIDING OF AGREEMENT.**  If either the United States or Mr.
Hendershot violates the terms of this agreement, the other party
will have the right to void this agreement. If the Court refuses to
accept this agreement, it shall be void.

    15.  **ENTIRETY OF AGREEMENT.**  This written agreement
constitutes the entire agreement between the United States and Mr.
Hendershot in this matter.  There are no agreements, understandings
or recommendations as to any other pending or future charges
against Mr. Hendershot in any Court other than the United States
District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                         CHARLES T. MILLER
                         United States Attorney


        By:
                         THOMAS C. RYAN
                         Assistant United States Attorney

TCR/slw

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this eight-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement.  I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been made
to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.

Robert P. Martin, Esq.
September 14, 2009
Page 8                              Re:  Albert Hendershot


_____            _____
ALBERT HENDERSHOT                            Date Signed
Defendant

_____            _____
ROBERT P. MARTIN                             Date Signed
Counsel for Defendant


                                             _____
                                             Defendant's
                                             initials

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. _____
                                                  18 U.S.C. § 665(a)
                                                  18 U.S.C. § 2

ALBERT HENDERSHOT

I N F O R M A T I O N

The United States Attorney Charges:

(Embezzlement Of Employment and Training Funds)

1.   At all relevant times, defendant ALBERT HENDERSHOT was an
agent and employee of, and connected with an organization receiving
financial assistance and funds under title I of the Workforce
Investment Act of 1998.

2.   From March 2008 until at least April 2009, defendant
ALBERT HENDERSHOT, aided and abetted by others known and unknown to
the United States Attorney, knowingly embezzled, willfully
misapplied, stole, and obtained by fraud moneys, funds, assets, and
property which were the subject of a contract pursuant to title I
of the Workforce Investment Act of 1998, in an amount in excess of
$1,000, that is, defendant ALBERT HENDERSHOT diverted $5,000 of a
$100,000 State Set-Aside grant to a person known to the United
States Attorney (the "Known Person") notwithstanding that defendant

"PLEA AGREEMENT EXHIBIT A"

ALBERT HENDERSHOT knew that the Known Person provided no service for the payment.

In violation of Title 18, United States Code, Sections 665(a) and 2.

UNITED STATES OF AMERICA
CHARLES T. MILLER
United States Attorney


By: _____
THOMAS C. RYAN
Assistant United States Attorney

**"PLEA AGREEMENT EXHIBIT A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.

ALBERT HENDERSHOT

## STIPULATION OF FACTS

The United States and Mr. Hendershot stipulate and agree that the facts comprising the offense of conviction include the following:

In March 2008, Albert Hendershot's Cross Lanes, West Virginia-based company, COMAR, Inc. ("COMAR") and its subsidiary, VEC$^3$, LLC applied for a federal grant to receive workforce training funds from the United States Department of Labor pursuant to title I of the Workforce Investment Act of 1998 ("WIA"). WORKFORCE WV, a state agency, administers the WIA funds and makes all funding recommendations. On May 27, 2008, WORKFORCE WV awarded COMAR $100,000 in workforce training funds for the fiscal year beginning on July 1, 2008.

Mr. Hendershot wanted to provide COMAR's Chief Technical Officer, Martin Bowling, a "bonus" from grant funds for helping secure the grant. To disguise the payment, Bowling created a false "Independent Contractor Agreement" with Mr. Hendershot's knowledge and submitted it to WORKFORCE WV. The agreement stated that COMAR intended to hire Mr. Bowling's girlfriend Mandi Felty to perform "a needs assessment study on West Virginia based small businesses and internet marketing."

On July 21, 2008, WORKFORCE WV approved COMAR's draw-down to pay Ms. Felty for the services referenced in the Independent Contractor Agreement. The next day, Mr. Hendershot in turn signed a $5,000 check to Felty, which she and Mr. Bowling deposited into a joint account. Felty never performed any service as set forth in the WIA grant proposal or the Independent Contractor Agreement. Hendershot knew that Felty did not perform any service for the $5,000 payment.

This Statement of Facts does not contain each and every fact
known to Mr. Hendershot and to the United States concerning his
involvement and the involvement of others in the charges set forth
in the Indictment, and is set forth for the limited purpose of
establishing a factual basis for Mr. Hendershot's guilty plea.

Stipulated and agreed to:

_____                _____
ALBERT HENDERSHOT                               Date
Defendant

_____                _____
ROBERT P. MARTIN                                Date
Counsel for Defendant

_____                _____
THOMAS C. RYAN                                  Date
Assistant United States Attorney

**"PLEA AGREEMENT EXHIBIT B"**